### R. FREEMAN V. THE STATE.

No. 3690.  Decided October 20, 1915.

Rehearing denied November 17, 1915.

**1.—Assault to Murder—Evidence—Declarations of Third Party—Res Gestae.**

Where the declaration of a third party was made at the very time that the offense was committed, exhorting defendant not to throw rocks and bricks at the prosecuting witness, the same was res gestae and admissible in evidence.

**2.—Same—Sufficiency of the Evidence—Intent to Kill.**

Where, upon trial of assault with intent to murder, the intent to kill was sufficiently shown by the evidence, the contention that the same was not sufficient, is untenable, and there was no reversible error.

Appeal from the District Court of Bell.  Tried below before the Hon. John D. Robinson.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Clem C. Countess,* for appellant.—On question of res gestae:  Felder v. State, 5 S. W. Rep., 145; Evers v. State, 20 S. W. Rep., 744; Ex parte Kennedy, 57 S. W. Rep., 648; Stevenson v. State, 89 S. W. Rep., 1072; Majors v. State, 124 S. W. Rep., 663.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of res gestae:  Stockman v. State, 24 Texas Crim. App., 392; Jeffreys v. State, 9 id., 598; Gerick v. State, 45 S. W. Rep., 717.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of assault with intent to murder and assessed the lowest punishment.

He has only one bill of exception, the substance of it in full is:  That the State's attorney asked one witness, "State to the jury what, if anything, Mr. Thrillkill said to Stephens and Freeman at the very time they were throwing at Fagg," and the witness answered, "He said, Ernest, don't do that.  Raleigh, don't do that."  And he asked another witness, "Didn't you hear Thrillkill tell Stephens don't do that, and Raleigh don't do that?" and the witness answered, "Yes."  His objection to this was it was irrelevant, immaterial and prejudicial and inadmissible because hearsay.  We think it was admissible as res gestae.  It was addressed to appellant, and the other party, Stephens, "at the very time they were throwing at Fagg," the assaulted party, and at the very time the offense charged was being committed by them.  Branch's Crim. Law, sec. 339, p. 198.

Appellant's able attorney made a forcible and earnest oral argument, when this case was submitted, and in addition has filed a lengthy brief, which we have fully considered, ingeniously contending that the evidence was insufficient to show: his intention to murder, that the assault was with a deadly weapon, that he participated in the assault, that the

injuries of the assaulted party were caused by the assault or that he was in a position to inflict them. We have carefully studied the whole evidence and think none of his contentions are tenable. The testimony on some points is conflicting, but we think amply sufficient to sustain the verdict. It was sufficient to show, and cause the jury to believe, that Fagg, the assaulted party, in a drunken condition, went into the back part of a hotel where appellant, said Stephens and others were employed and at work. That his conduct and language to them was such as to be considered insulting, that some of them attacked him and he hastily retreated out of the hotel through the back premises across an alley. That while they were pursuing him and he running from them they each, appellant and Stephens, threw rocks or bricks at him, one or more of which struck him in the head, felling him to the ground, breaking or crushing his skull. That he lay there helpless and unconscious until later taken by an officer to a hospital. That it was several days before he recovered consciousness, and much longer before he was able to leave the hospital.

The court gave a correct charge, to which there is no exception, submitting every issue to the jury requiring them to find every fact essential to his guilt beyond a reasonable doubt before they could convict.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied November 17, 1915.—Reporter.]